4415005472

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL W. CORAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 19-cv-01115-JES-JEH |
| | ) | |
| GINO DEVELOPMENT, INC., a California | ) | JUDGE: Hon. James E. Shadid |
| corporation, and MENARD, INC., a Wisconsin | ) | Magistrate: Hon. Jonathan E. Hawley |
| corporation, Individually and d/b/a MENARDS, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT GINO DEVELOPMENT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12

Defendant, GINO DEVELOPMENT, INC. ("Gino"), by and through its counsel, CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC, moves this Honorable Court to dismiss with prejudice Plaintiff's negligence claims in Counts I, strict liability claims in Count II, and breach of implied UCC claims in Count III pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and additionally pursuant to Federal Rule of Civil Procedure 12(c) under Illinois' "Seller's Exception" statute, 735 ILCS 5/2–621(a)-(b) (West 1994). In support of its motion, Gino states as follows:

### INTRODUCTION

Even under deferential notice pleading requirements, Plaintiff's Complaint must be dismissed because it fails to meet the required pleading standards set forth in *Twombly* and *Iqbal* in order to state a claim for relief and makes formulaic recitations of the elements of each cause of action without providing the required factual allegations to support each claim. There are not sufficient factual allegations in the Complaint that support any design or manufacturing defect,

failure to warn, failure to test, negligence or breach of implied UCC warranties against Gino. Moreover, as to the strict liability claim, Gino is entitled to dismissal as a matter of law under Illinois' statutory "Seller's Exception" because Gino did not manufacture the hole saw set that allegedly caused Plaintiff's injuries and Gino has complied with the requirements of 735 ILCS 5/2-621 by identifying the manufacturer: Hangzhou Uni-Hosen Electromechanical Tools Co., Ltd. Accordingly, dismissal with prejudice is appropriate as to all three counts in Plaintiff's Complaint against Gino.

## ARGUMENT

### A. UNDER THE ILLINOIS SELLER'S EXCEPTION, PLAINTIFF'S STRICT PROCUT LIAIBLITY CLAIMS MUST BE DISMISSED AS A MATTER OF LAW

As this Court has jurisdiction over this case based on diversity jurisdiction, Illinois choice-of-law rules apply and point to the application of the law of Illinois, where the alleged tort occurred. *See Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 865 (7th Cir. 2010). Common law principles dictate that "all entities in the distributive chain of an allegedly defective product, including manufacturers, sellers, wholesalers, distributors and lessors of the product, are strictly liable in products liability actions for injuries resulting from that product." *Brobbey v. Enter. Leasing Co. of Chicago*, 404 Ill. App. 3d 420, 428, 935 N.E.2d 1084, 1091 (1st Dist. 2010) (citing *Murphy v. Mancari's Chrysler Plymouth, Inc.*, 381 Ill. App. 3d 768, 772-773, 887 N.E.2d 569, 574 (1st Dist. 2008)). Illinois law, however, carves out a "Seller's Exception," under 735 ILCS 5/2–621(a)-(b) whereby a nonmanufacturing defendant must be dismissed from a product liability action under certain circumstances.

A motion to dismiss under the "Seller's Exception" is akin to a Rule 12(b) motion to dismiss and follows the same standards of review. *Lobocki v. Peabody Galion Corp.*, 95 C 5830, 1996 U.S. Dist. LEXIS 6651, at *5 (N.D. Ill. May 14, 1996); See *Montalbano v. HSN,*

*Inc.*, No. 11 C 96, 2011WL 3921398, at *4 n.4 (N.D. Ill. Sept. 6, 2011) (citing *Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F. Supp. 338, 342 (N.D. Ill. 1995)). Where the dismissal is sought on the basis of an affirmative defense, courts have considered the dismissal pursuant to Rule 12(c). See *Yassan v. J.P. Morgan Chase and Co.*, 708 F.3d 963, 975-76 (7th Cir. 2013); *Dehmlow v. Austin Fireworks, Inc.*, No. 90 C 4666, 1993 WL 217256 (N.D. Ill. June 18, 1993) (considering "Seller's Exception" argument pursuant to Rule 12(c)). While dismissal under the "Seller's Exception" need not be presented in a Rule 12 motion to dismiss, Gino has included this argument into its Rule 12 motion to promote judicial economy and to avoid duplicative filings. See *Keast v. Tenneco Equip. Corp.*, 95 C 50347, 1996 U.S. Dist. LEXIS 15764, at *2, *4-6 (N.D. Ill. Oct. 21, 1996).

Gino has complied with the requirements of section 2-621 by submitting with this Motion the affidavit of its President/CEO, Yuerong Wang ("Eddie Wang"), identifying Hangzhou Uni-Hosen Electromechanical Tools Co., Ltd. as the manufacturer of the TOOL SHOP 10 PC. HOLE SAW SET it sold to Menard that is alleged to have caused the Plaintiff's injuries in this matter. (Exhibit 1. Affidavit of Yuerong Wang, ¶ 6). In his affidavit, Mr. Wang asserts that "[s]tarting in approximately December 2012 to date, Gino Development, Inc. has exclusively purchased the TOOL SHOP 10 PC. HOLE SAW SET product for sale to Menard, Inc. from Hangzhou Uni-Hosen Electromechanical Tools Co., Ltd." (Exhibit 1. Affidavit of Yuerong Wang, ¶ 4). Mr. Wang also asserted that the product "was shipped per order specifications from China to Menard, Inc. in Eau Claire, Wisconsin, without any alteration of the product by Gino Development, Inc." (Exhibit 1. Affidavit of Yuerong Wang, ¶ 5).

When the non-manufacturer defendant (e.g., Gino) provides an affidavit certifying the product's manufacturer (e.g., Uni-hosen), Plaintiff is to file a complaint against the product

manufacturer. 735 ILL. COMP. STAT. 5/2-621(a) and (b).  Once that occurs, "the court *shall* order the dismissal of a strict liability in tort claim against the certifying defendant or defendants . . . ." 735 ILL. COMP. STAT. 5/2-621(b); *Lamkin v. Towner*, 138 Ill. 2d 510, 532-33, 563 N.E.2d 449, 459 (Ill. 1990) (it is reversible error not to dismiss a nonmanufacturing defendant when compliance with 2-621 has been established).

"The purpose of this exception is to allow defendants, whose sole basis of liability is their role as a member of the distributive chain of an allegedly defective product, to extract themselves from a strict product liability action at an early stage, before they incur the expense of fully litigating the dispute, and to defer liability upstream to the ultimate wrongdoer, the manufacturer." *Cassidy v. China Vitamins, LLC*, 2017 IL App (1st) 160933, ¶ 19 (citations omitted).  Accordingly, Plaintiff's strict liability claims should be dismissed because Gino has satisfied the requirements of section 2-621 under the Illinois "Seller's Exception".  Application of the Seller's Exception warrants dismissal of the strict product liability claims against Gino under both Rule 12(b)(6) and Rule 12(c).

### B.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the ground upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

"[I]f they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.* 496 F.3d 773, 776 (7th Cir. 2007).

A motion to dismiss pursuant to Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)); *DeJohn v. TV Corp. Int'l.*, 245 F.Supp.2d 913, 923 (N.D. Ill. 2003). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When examining the sufficiency of a complaint, the court must "accept the well-pleaded facts in the complaint as true, but they 'need []not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

No claim for relief is stated if the complaint pleads facts insufficient to show that legal wrong has been committed, omits averment necessary to establish wrong, or fails to link a party with a wrong sufficient to entitle the plaintiff to redress. *Moriarty v. K.M. Plastics, Inc.*, No. 03 C 7295, 2004 U.S. Dist. LEXIS 2096, at *5 (N.D. Ill. 2004) (citing *Sutto v. E. Viavi Co.*, 138 F.2d 959 (7th Cir. 1943)). The complaint must sufficiently give the defendant "fair notice

of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *Best v. Malec*, No. 09 C 7749, 2010 U.S. Dist. LEXIS 58996, at *7-8 (N.D. Ill. June 11, 2010).

Plaintiff Coran asserts claims against Defendants arising out of personal injuries that Coran allegedly sustained on February 13, 2017 when he was drilling a hole in wood while using a hole saw and mandrel from a "TOOL SHOP 10 PC. HOLE SAW SET" that he allegedly purchased from Menard. (Plaintiff's Complaint, attached to Notice of Removal at Doc. 1-1, Count I, II and III, ¶ 9).  Plaintiff Coran alleges that during his "use of the hole saw and mandrel, the portion of the hole saw attached to the mandrel became deformed, thereby causing the hole saw to continue to spin after the drill was disengaged." (Complaint, Count I, II and III, ¶ 10). Plaintiff alleges that he sustained "severe laceration injuries to his hand" as a result because his "hand came into contact with the spinning hole saw after the drill was disengaged." (Complaint, Count I, II and III, ¶¶ 11-12).  Based on these allegations, Plaintiff Coran asserts three causes of action against Gino: Negligence (Count I), Strict Liability (Count II), and Breach of Implied UCC Warranties (Count III).  Plaintiff Coran alleges similar causes of action against Menard: Negligence (Count IV), Strict Liability (Count V), and Breach of Implied UCC Warranties (Count VI).

1. **Plaintiff's Count II Strict Liability Claim Based on Failure to Warn and Failure to Test Theories Must Be Dismissed As It Contains Nothing More Than Mere Conclusory Allegations.**

Plaintiff Coran's Complaint for strict liability in Count II should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief can be granted as to Gino.  Under Illinois law, to succeed on a design or manufacturing defect claim sounding in strict liability, a plaintiff must show that: (1) the product was in a defective condition that was unreasonably dangerous; (2) that the defective condition existed when the product left the manufacturer's

6

control; and (3) the plaintiff's alleged injury was caused by a condition of the product. *Faucett v. Ingersoll-Rand Min. & Machinery Co.*, 960 F.2d 653, 655 (7th Cir. 1992) (citing Illinois law); *See Smith v. Phoenix Seating Sys., LLC*, 894 F. Supp. 2d 1088, 1093 (S.D. Ill. 2012). "The dangerous condition may be a result of a defect in design as well as one of manufacture." *Hemphill v. Sayers*, 552 F.Supp. 685, 693 (S.D. Ill 1982).

In *Tillman v. Taro Pharmaceutical Industries, Ltd.*, 2011 WL 3704762 (N.D. Ill. Aug. 17, 2011), the court dismissed plaintiff's strict liability design defect and failure to warn claims as those claims were mere recitations of the elements of those causes of action. *Id.* at *4. In an attempt to allege a design defect, the *Tillman* plaintiff claimed the defendant manufactured a prescription drug that "was unreasonably dangerous" and "an ordinary customer would not expect the danger." *Id.* In *Tillman*, the plaintiff allege some facts, such as the defendant "did not perform adequate testing on [the drug] before putting it in the market," the drug "was defective in design because when, [the drug] left [the defendant's hands], 'the foreseeable risks exceeded the benefits associated with the design and formulation of the drug,'" and that "[the drug] was unreasonably dangerous because it 'was more dangerous than alternative drugs available for the treatment of epilepsy or bi-polar mania' and that there were 'safer alternative medications' available." *Id.* Nonetheless, the court dismissed the plaintiff's complaint as she failed to meet her pleading burden by pleading mere threadbare recitals of the elements of her cause of action, supported by mere conclusory statements. *Id.*

In the instant case, Plaintiff Coran's strict liability claim must be dismissed because it amounts to nothing more than conclusory allegations. Plaintiff alleges that on and before February 13, 2017, Gino "was engaged in the business of manufacturing, designing, distributing and selling various tool parts, and did manufacture, design, distribute and sell certain tool parts

7

that said Defendant labeled and/or branded as 'TOOL SHOP 10 PC. HOLE SAW SET'". (Plaintiff's Complaint, Count I, II and III, ¶ 2.)  As already indicated, Gino did not manufacture or design the hole saw set that plaintiff alleges caused his injuries.

Plaintiff alleges in conclusory fashion that the hole saw set "was in an unreasonably dangerous condition in that it could not be used with safety [sic], . . . ." (Plaintiff's Complaint, Count II, ¶ 13.)  Plaintiff alleges that Gino "failed to warn of the risk of deformity of the hole saw and the danger posed thereby," and "failed to warn of the risk of the hole saw spinning after the drill was disengaged." Plaintiff's Complaint, Count II, ¶ 13.)  "A manufacturer's failure to warn of its product's dangerous propensities may make the product unreasonably dangerous and may, therefore, serve as a basis for imposing strict liability in tort." *Mazikoske v. Firestone Tire & Rubber Co.*, 149 Ill.App.3d 166, 174 (1st Dist. 1986).  Such strict liability in tort may be imposed upon all parties within the chain of distribution, including supplies, distributors, wholesalers, and retailers. *Venus v. O'Hara*, 127 Ill.App.3d 19, 23 (1st Dist. 1984).  "The determination of whether a duty to warn exists is a question of law, not fact, and the purpose of such a warning is to apprise the party of a danger of which he has no knowledge and, thereby, enable him to take appropriate measures to protect himself from that danger." *Id.*  There is no duty to warn when the danger is open and obvious. *Id.*

Coran's injuries to his hand are alleged to have occurred because his "hand came into contact with the spinning hole saw after the drill was disengaged."  However, "[i]t is settled law that a manufacturer has no duty to warn of 'those inherent propensities of a product which are obvious to all who come in contact with the product.'" *Sollami v. Eaton*, 265 Ill.Dec. 177, 183 (2002), (quoting *McColgan v. Environmental Control Systems, Inc.*, 212 Ill.App.3d 696, 700 (1991)).  Certainly, it should be obvious to all who come in contact with the saw that it would cut

skin. A defect in a product must be the proximate cause of the plaintiff's injury and a legal inference of defectiveness may not be drawn merely from evidence that an injury occurred. *Mason v. Caterpillar Tractor Co.*, 139 Ill.App.3d 511, 517 (1st Dist. 1985);

Even as to Coran's conclusory allegations that Gino failed to perform Rockwell hardness testing on the hole saw and materials used, the allegation provides no facts as to what type of testing would have prevented Plaintiff's injuries or what hardness was necessary to prevent his injuries. Moreover, Coran's allegations that Gino failed to warn of the risk of deformity fails to provide any factual detail as to what warnings or instructions were provided and/or how the warnings and/or instructions were inadequate.

Plaintiff Coran's strict products liability allegations are so facially implausible that it is impossible to ascertain any misconduct alleged against Gino. Accordingly, Plaintiff Coran's strict products liability claim against Gino asserted in Count I should be dismissed pursuant to Rule 12(b)(6). These allegations within the Complaint are nothing more than conclusory allegations and Plaintiff has failed to state any facts to support his allegations.

Plaintiff's strict liability claims simply note that Gino distributed a product, the product was in a defective condition, unreasonably dangerous, and Plaintiff was harmed. These "magic words" reciting the elements of products liability claims that were once adequate to plead such claims are no longer sufficient under the *Iqbal/Twombly* standard absent factual enrichment. *Mohr v. Targeted Genetics, Inc.*, 2009 WL 4021153, at *3 (C.D. Ill. Nov. 18, 2009).

In *Tillman*, the plaintiff alleged that the drug was defective because the manufacture did not adequately test the drug, the drug's risks outweighed its benefits, and there were safer alternative drugs available on the market. Yet the court still dismissed the plaintiff's complaint for failing to state a claim. *Tillman*, 2011 WL 3704762 at *4. Here, the only specific allegation

9

made by Plaintiff Coran is that the product was not of sufficient hardness, but does not assert what hardness was necessary. Plaintiff's allegations are legal conclusions "devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678. Plaintiff Coran's allegations amount to threadbare recitals of portions of the elements of a strict liability claim with conclusory statements that do not apprise Gino as to any alleged misconduct that it could have committed amounting to a claim for relief under strict products liability for any defect in the design or manufacture of the hole saw set. Accordingly, Plaintiff's strict liability claims against Gino must be dismissed.

      2. **Plaintiff's Count I Negligence Claim Must Be Dismissed As It Contains Nothing More Than Mere Conclusory Allegations.**

Similarly, Plaintiff's negligence claim against Gino is devoid of allegations that Gino owed and breached any legal duty *owed to Plaintiff*. To state a negligence claim under Illinois law, Plaintiff is required to allege the existence of a duty owed by Gino to the Plaintiff, a breach of that duty and an injury proximately caused by the breach. *Jones v. Chi. HMO Ltd. of Ill.*, 191 Ill. 2d 278, 730 N.E.2d 1119, 1129 (Ill. 2000); *Krywin v. Chi. Transit Auth.*, 238 Ill. 2d 215, 225-26, 938 N.E.2d 440 (Ill. 2010).

Similar to Plaintiff's strict liability allegations, Plaintiff's allegations as to negligence are based on Gino's alleged failure to provide instructions and warnings concerning the proper use of the tool parts it distributed. These allegations are insufficient to state a cause of action against Gino because it did not owe any duty concerning open and obvious dangers. Moreover, Plaintiff's allegations that Gino negligently designed and manufactured the hole saw set should not be considered when evaluating the sufficiency of Plaintiff's negligence allegations.

Notwithstanding, a seller is under a duty to warn the *ultimate users* of a product. (emphasis added).  See Restatement (Second) of Torts § 388; *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 348-49, 662 N.E.2d 397 (Ill. 1996).  Under Illinois law, a seller must warn *the buyer* of a products dangerous propensities and any risk of harm known to the seller based on those propensities. *Bates v. Richland Sale Corp.*, 346 Ill. App. 3d 223, 232-233, 803 N.E.2d 977 (4th Dist. 2004); see also *Toys "R" Us, Inc. v. Criterion Coating Sys.*, No 85 C 97, 1986 U.S. Dist. Ct. LEXIS 23415, at *12-13 (June 12, 1986) ("Under Illinois law, a duty to warn of the dangerous propensities of a product arises when there is unequal knowledge between *the buyer and seller* . . .) (emphasis added).  The duty to warn arises only where there is knowledge, actual or constructive, and the defendant knew or should have known that harm might or could occur if no warning is given.  *Oberg v. Advance Transformer Co.*, 210 Ill. App. 3d 246, 249, 569 N.E.2d 50 (1st Dist. 1991); *Puckett v. Empire Stove Co.*, 183 Ill. App. 3d 181, 197, 539 N.E.2d 420 (1989).

There are no allegations in Plaintiffs' Complaint Gino knew or should have known that the hole saw set was dangerous in a manner that could cause the injuries/damages alleged. See *Woodill v. Parke Davis & Co.*, 79 Ill. 2d 26, 35-37, 402 N.E.2d 194 (Ill. 1980) (Complaint must plead actual or constructive knowledge of dangerous propensity of product that specifically caused the damage or injuries at issue).  In *Smith v. Phoenix Seating Sys., LLC*, this court analyzed Section 388 of the Restatement (Second) of Torts, holding that the seller of a wheelchair armrest, which was designed and manufactured by a third party, did not have a duty to warn the end user of the product's dangers when there was no evidence the seller knew of such dangers. 2012 U.S. Dist. Lexis, at *26-29.

"An assertion that the [product] was 'defective,' without any factual elaboration, is insufficient, as that statement is a 'legal conclusion couched as a factual allegation.' The court will not assume legal conclusions are true when resolving a motion to dismiss." *Corwin,* 74 F.Supp.3d at 889 (internal citations omitted).  Coran's negligence allegations are so facially implausible that it is impossible to ascertain any misconduct alleged against Gino.  Accordingly, Coran's negligence claims against Gino asserted in Count I should be dismissed pursuant to Rule 12(b)(6).  Here, Plaintiff has not identified any conduct, let alone misconduct, supported with factual enhancement that raises Plaintiff's allegations above the speculative level.  Plaintiff has not pled facts sufficient to show that Gino breached any duty it may owe to Plaintiff or that any such breach caused Plaintiff's damages.  Therefore, this Court should dismiss Plaintiff's negligence claim against Gino.

### 3. Plaintiff's Count III Breach of Implied Warranty Must Be Dismissed As It Contains Nothing More Than Mere Conclusory Allegations.

Last, Plaintiff has failed to state a cause of action for breach of an implied warranty under the theory of merchantability.  An implied warranty of merchantability is implied within a contract of sale if the seller is a merchant with respect to goods of that kind.  In order to state a claim for implied warranty of merchantability the plaintiff must plead and prove that the product was merchantable.  For products to be merchantable, they must:

> (1) pass without objection in the trade under the contract description;
> (2) in the case of tangible goods, be of fair average quality within the description;
> (3) be fit for the ordinary purposes for which such goods are used;
> (4) run, within the variations permitted by agreement, of even kind, quality, and quantity;
> (5) be adequately contained, packaged, and labeled as required by agreement; and
> (6) conform to the promises of fact made on the container or label, if any.

810 ILCS 5/2-314. In this case, Plaintiff alleges no facts to support a claim for an implied warranty for merchantability because Plaintiff failed to allege any agreement with Gino for the

products he allegedly purchased. Plaintiff makes as a conclusory statement that the products were supposed to be merchantable but Plaintiff provides no facts to support demonstrating that there was a label on any of the products she purchased or any other document which supports an implied warranty for merchantability. Simply put, there are no facts to support such a claim.

WHEREFORE, Defendant GINO DEVELOPMENT, INC. respectfully requests this Honorable Court to enter an order dismissing Plaintiff Michael W. Coran's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), and for such other and just relief as this Court deems appropriate.

Respectfully submitted,

GINO DEVELOPMENT, INC.,

By:     /s/ Maura Yusof

Maura Yusof (#6278767)
Stephen W. Heil (#6204266)
CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, Illinois 60606
Telephone: (312) 332-8450
Facsimile: (312) 332-8451
Email: mxy@crayhuber.com
          swh@crayhuber.com
*Attorneys for Defendant Gino Development, Inc.*

**CERTIFICATE OF SERVICE**

    I certify that on **April 22, 2019**, I electronically filed the foregoing **Motion to Dismiss** with the Clerk of the Court using the CM/ECF system, and I certify that I have mailed by United States Postal Service and emailed the document to the following non CM/ECF participants:

| **Attorney for Plaintiff**<br>Jeffrey I. Cisco, Esq.<br>Kanoski Bresney<br>2730 South MacArthur<br>Springfield, IL  62704<br>Telephone: (217) 523-7742<br>Facsimile: (217) 523-1412<br>Email: Lit2@kanoski.com<br>        jeffc@kanoski.com | **Attorney for Menard, Inc.**<br>John F. Kamin<br>227 NE. Jefferson<br>Peoria, IL  61602<br>Telephone: (309) 674-1133<br>Facsimile: (309) 674-6503<br>Email: jkamin@quinnjohnston.com |
|---|---|

                                            By:    /s/  Maura Yusof
                                                         Maura Yusof (#6278767)