UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL W. CORAN, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. 19-cv-1115-JES-JEH |
| GINO DEVELOPMENT, INC., a California corporation, and MENARD INC., a Wisconsin corporation, Individually and d/b/a MENARDS, and HANGZHOU UNI-HOSEN ELECTROMECHANICAL TOOLS CO., LTD., | ) |
|           Defendants. | ) |

## ORDER AND OPINION

Now before the Court is Defendant Gino and Defendant Menard's Joint Motion (Doc. 27) to Dismiss. Plaintiff has filed a Response (Doc. 28) and this matter is ripe for disposition. For the reasons set forth below, Defendants' Joint Motion (Doc. 27) is DENIED as to Plaintiff's strict liability claims and negligence claims and GRANTED as to Plaintiff's warranty claims. Plaintiff may file an amended complaint curing the deficiencies identified in his warranty claim against Menards within 14 days of this Order.

### BACKGROUND[1]

Plaintiff initially filed this action against Defendants Gino Development, Inc. ("Gino") and Menard, Inc. ("Menards") on February 13, 2019 in the Circuit Court of McLean County, Illinois. Doc. 1-1; *see also Coran v. Gino Development, Inc.*, No 2019-L-18 (McLean Cnty. Cir. Ct. Feb. 3, 2019). On April 3, 2019, Defendants removed the action to the United States District

---

[1] The following factual background is limited to the issues raised in Defendants' instant Motion to Dismiss. For a more through recitation of the facts, see the Court's prior Order. Doc. 21.

1

Court for the Central District of Illinois under 28 U.S.C. § 1441 based on the diverse citizenship of the parties. Doc. 1; 28 U.S.C. § 1332. The original complaint asserted six causes of action against Defendants. Count 1 alleged negligence against Gino; Count 2 alleged strict liability against Gino; Count 3 alleged a breach of implied UCC warranty against Gino; Count 4 alleged negligence against Menards; Count 5 alleged strict liability against Menards; and Count 6 alleged a breach of implied UCC warranty against Menards. *See generally* Doc. 1-1. Following removal to this District Court, the named Defendants entered their appearances, certified the manufacturer of the allegedly defective product, and moved to dismiss Plaintiff's complaint. *See* Doc. 12 (affidavit certifying manufacturer); Docs. 13, 14 (Motions to Dismiss).

In ruling on the Motions to Dismiss, the Court denied dismissal of the strict liability claims against Menards and Gino under the Illinois Distributor Statute because the manufacturer, Hangzhou, had not yet been served. Doc. 21, at 9. The Court also denied dismissal of the strict liability claims under Rule 12(b)(6) after finding that Plaintiff sufficiently alleged each element of strict liability claim. *Id.* at 15–16. With respect to the negligence claims against Gino and Menards, the Court held Plaintiff failed to allege an essential element of a negligence claim— that Gino or Menards knew or should have known of any alleged unsafe condition relating to the hole saw. Thus, the Court granted Defendants' Motion with respect to the negligence claims, but granted Plaintiff leave to replead the negligence claims if he had a good faith basis for doing so. *Id.* at 12–13. Finally, the Court granted Defendants' Motion to Dismiss with respect to the warranty claims because Plaintiff alleged in only a conclusory fashion that Defendants sold goods that were not merchantable at the time of sale and failed to allege he gave notice to Defendants. *Id.* at 17–18. Plaintiff was also granted leave to amend with respect to his warranty claims.

Plaintiff filed his Second Amended Complaint on August 19, 2019. Defendant Hangzhou remains unserved, and the time for service has yet to expire. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii). Defendants Gino and Menards have filed a Joint Motion (Doc. 27) to Dismiss, and Plaintiff has filed a Response (Doc. 28). This Order follows.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**DISCUSSION**

**1. Motion to Dismiss by Defendants Gino and Menards**

Defendants Gino and Menards raise three issues in the instant Motion to Dismiss. Doc. 27. The Court will first address Defendants' argument that Plaintiff's strict liability claims should be dismissed because Defendants have complied with the requirements of the Illinois Distributor's statute, 735 ILCS 5/2-621; *Id*. at 2.

*a. The Illinois Distributor Statute*

Plaintiff's Second Amended Complaint includes claims of strict liability against Hangzhou, the manufacturer of the hole saw, Gino, the distributor, and Menards, the retailer. In Illinois, 735 ILCS 5/2-621 governs the liability of non-manufactures in strict liability actions. In the Court's prior Order, it stated:

> Gino and Menards are entitled to dismissal of the strict liability claims against them once Hangzhou "ha[s] or [is] required to have answered or otherwise pleaded." *Id*. And under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Hangzhou's duty to answer or otherwise plead to Plaintiff's Amended Complaint is triggered by Plaintiff serving Hangzhou or by Hangzhou waiving service. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (defendant required to answer within 21 days after being served with summons and complaint) and (ii) (foreign defendant required to answer within 90 days after request for waiver of service sent). Thus, until Hangzhou has been served or waives service, dismissal of the strict liability claims against Gino and Menards under the Illinois Distributor Statute is premature. If and when Hangzhou is served, Defendants Gino and Menards may renew their request for dismissal of the strict liability claims against them.

Doc. 21, at 8-9. In their instant Motion, Defendants reiterate the same argument raised and rejected previously, and assert the *unexecuted* request for waiver of service Plaintiff sent to Hangzhou is sufficient for dismissal under the Illinois Distributor's statute. Doc. 27, at 2. This portion of Defendants' Motion is summarily denied for the same reasons set forth in the Court's prior Order, *supra*.

*b. Defendants' Motion to Dismiss for Failure to State a Claim*

Defendants also move to dismiss Plaintiff's Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In their Motion, Defendants argue that Plaintiff fails to state a claim with respect to the negligence and implied warranty claims. *See generally* Doc. 27.

i. Negligence

In his Second Amended Complaint, Plaintiff alleges that Gino, as the distributor, and Menards, as the retailer,

> knew or in the exercise of ordinary care should have known that the "TOOL SHOP 10 PC. HOLE SAW SET" was in an unsafe condition in one of more of the following ways:
> a. Said hole saw set contained a hole saw of insufficient strength, durability, dimensions and material to prevent it from spinning after the drill used with the hole saw was disengaged;
> b. Said hole saw set contained a hole saw of insufficient strength, durability, dimensions and material to prevent it from deforming during proper use;
> c. Said hole saw set contained a hole saw for which Rockwell hardness testing was not properly performed;
> d. Said hole saw set contained a hole saw of insufficient Rockwell hardness to prevent it from deforming during proper use;
> e. Said hole saw set contained no written warning of the risk of deformity of the hole saw and the danger posed thereby;
> f. Said hole saw set contained no written warning of the risk of the hole saw spinning after the drill was disengaged, and the danger posed thereby.

Doc. 23, at 2–3, 8–9. Defendants assert Plaintiff fails to adequately allege a negligence claim against them. Doc. 27, at 3–4. Specifically, Defendants argue Plaintiff's conclusory allegation that Gino or Menards knew or should have known of the alleged unsafe conditions of the hole saw is insufficient to state a negligence claim.

In the Court's prior Order, it dismissed the negligence claims because Plaintiff failed entirely to allege Defendants Gino or Menards knew or should have known of any alleged unsafe condition relating to the hole saw. Doc. 21, at 12–13 (citing *Brobbey v. Enter. Leasing Co. of Chicago*, 404 Ill. App. 3d 420, 430 (1st Dist. 2010) ("[N]ot only must plaintiff prove that the product was not reasonably safe, but also that the defendant knew, or in the exercise of ordinary care should have known, of that unsafe condition.")). In his Second Amended Complaint, however, Plaintiff has alleged that Defendants "knew or in the exercise of ordinary care should have known" about the hole saw's alleged defects. And conditions of a person's mind—here,

5

knowledge—may be alleged generally. Fed. R. Civ. P. 9(b). For the purposes of a motion to dismiss, Plaintiff has sufficiently pleaded a negligence claim against Menards and Gino. Defendants' Motion to Dismiss the negligence claims is therefore denied.

        ii. Implied Warranty

Plaintiff alleges in his Second Amended Complaint that Defendants breached an implied warranty under the Uniform Commercial Code. *See, e.g.*, Doc. 23, at 6–7. Specifically, Plaintiff alleges Defendants impliedly warrantied that the hole saw was of merchantable quality under the UCC, and breached the implied warranty because the saw was not of merchantable quality. Further, Plaintiff alleges he "gave notice of the defective condition of the [hole saw] to [Defendants] after the Plaintiff was injured as aforesaid." *Id*. at 7.

Defendants argue that the above allegations are insufficient to establish an implied UCC warranty claim because Plaintiff fails to allege how the hole saw was not of merchantable quality. Doc. 27, at 4–5. Additionally, Defendants argue that Plaintiff's conclusory allegation that he gave notice to Defendants of the alleged defect is insufficient to plead the notice element of a breach of implied warranty claim. Defendants also argue Plaintiff failed to allege privity of contract with any Defendant. *Id*. at 5.

To state a claim under Illinois law for breach of an implied warranty of merchantability, "a plaintiff must allege that '(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect.' " *See, e.g.*, *CHS Acquisition Corp. v. Watson Coatings, Inc.*, No. 17-CV-4993, 2018 WL 3970137, at *7 (N.D. Ill. Aug. 20, 2018) (quoting *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015)). In order for goods to be merchantable, they must be, *inter alia*, fit for the ordinary purposes for which they are used. 810 ILCS 5/2-314;

6

*Baldwin*, 78 F. Supp. 3d at 741. In Illinois, "a plaintiff seeking to recover economic loss cannot maintain a claim for breach of implied warranty under the U.C.C. unless he or she is in privity of contract with the defendant." *In re Rust-Oleum Restore Mktg., Sales Practices & Prod. Liab. Litig.*, 155 F. Supp. 3d 772, 806 (N.D. Ill. 2016).

The Court will first address the privity of contract requirement. "A buyer and seller stand in privity if they are in adjoining links of the distribution chain. Thus, an end customer ... who buys from a retailer is not in privity with a manufacturer." *In re Rust-Oleum Restore Mktg., Sales Practices & Prod. Liab. Litig.*, 155 F. Supp. 3d at 806. Here, Plaintiff alleges he purchased the hole saw from a Menards store in Normal, Illinois. Doc. 23, at 8. He has thus established privity of contract with respect to his warranty claim against Menards. However, because Plaintiff did not purchase the hole saw from Gino or Hangzhou, he cannot succeed on his warranty claims against these two Defendants.[2] Accordingly, Defendants' Motion to Dismiss is granted with respect to the warranty claims against Gino.

Second, the Court addresses merchantability. In the Court's prior Order, it held that Plaintiff alleged in only a conclusory fashion the first element of a claim for breach of an implied warranty of merchantability; i.e., that Defendants sold goods that were not merchantable at the time of sale. Because conclusory allegations that merely recite the elements of a cause of action are insufficient, the Court found that Plaintiff failed to establish the first element of his warranty claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). However, the Court

---

[2] Although Plaintiff cannot succeed on his warranty claim against Hangzhou, the Court does not address or rule on any of Plaintiff's claims against Hangzhou in this Order, as Hangzhou has not yet been served and has therefore not had an opportunity to answer or file a Rule 12 motion.

also granted Plaintiff leave to amend this claim to add additional factual allegations that would suffice to establish, for the purposes of a motion to dismiss, that the hole saw was not of merchantable quality or fit for the ordinary purposes for which it is used. Doc. 21, at 17. In his Second Amended Complaint, Plaintiff adds that the hole saw was not merchantable because:

a. Said hole saw set contained a hole saw of insufficient strength, durability, dimensions and material to prevent it from spinning after the drill used with the hole saw was disengaged;
b. Said hole saw set contained a hole saw of insufficient strength, durability, dimensions and material to prevent it from deforming during proper use;
c. Said hole saw set contained a hole saw for which Rockwell hardness testing was not properly performed;
d. Said hole saw set contained a hole saw of insufficient Rockwell hardness to prevent it from deforming during proper use;
e. Said hole saw set contained no written warning of the risk of deformity of the hole saw and the danger posed thereby;
f. Said hole saw set contained no written warning of the risk of the hole saw spinning after the drill was disengaged, and the danger posed thereby.

Doc. 23, at 2–3, 7. Given the additional factual allegations set forth in Plaintiff's Second Amended Complaint, the Court finds that plaintiff has sufficiently alleged the merchantability element of his warranty claim against Menards.

Third, the Court will address notice. The Court previously found that Plaintiff failed to allege he gave Defendants notice of the defect. Doc. 21, at 18. In his Second Amended Complaint, Plaintiff adds that he "gave notice of the defective condition of the [hole saw] to [Defendants] after the Plaintiff was injured[.]" Doc. 23, at 7. Yet that allegation is a legal conclusion completely devoid of factual support. *See, e.g.*, *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 741–42 (N.D. Ill. 2015) ("Plaintiff cannot simply allege that he provided notice; again, this is a legal conclusion that the court does not credit for the purposes of resolving a motion to dismiss."). The threadbare allegation that Plaintiff provided notice to Defendants, without any details as to the manner, date or contents of the purported notice, is insufficient to put Defendants

8

on notice as to an essential element of Plaintiff's warranty claim. *See Twombly*, 550 U.S. at 555. Having already provided Plaintiff a previous opportunity to cure the defects with his warranty claims, the Court is reluctant to allow another round of amended pleadings. However, if Plaintiff believes he can plausibly allege a warranty claim against Menards by pleading details as to the manner, date and/or contents of the purported notice, the Court will allow him one final opportunity to do so within 14 days of this Order.

## CONCLUSION

For the reasons set forth above, Defendants' Joint Motion (Doc. 27) is DENIED as to Plaintiff's strict liability claims and negligence claims and GRANTED as to Plaintiff's warranty claims. Plaintiff may file an amended complaint curing the deficiencies identified in his warranty claim against Menards within 14 days of this Order.

Signed on this 8th day of November, 2019.

<u>s/ James E. Shadid</u>
James E. Shadid
United States District Judge